1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7
8

ISMAHAN ADAN, individually and on behalf of all others similarly situated,

9

Plaintiff,

10

v.

11
12
13

SWEDISH HEALTH SERVICES d/b/a SWEDISH MEDICAL GROUP and PROVIDENCE HEALTH & SERVICES,

14

Defendants.

Case No.

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

**CLASS AND COLLECTIVE ACTION**

**JURY TRIAL DEMANDED**

15
16
17

I.    INTRODUCTION

18    1.    Plaintiff Ismahan Adan ("Plaintiff") brings this class and collective action on

19    behalf of herself and other similarly situated individuals who have worked for Swedish Health

20    Services, d/b/a Swedish Medical Center, Providence Health & Services, Providence Health &

21    Services-Washington, and Providence Health & Services- Western Washington,  collectively

22    "Defendants" or "Swedish") as medical assistants, nursing staff, nurse aides, nurse assistants,

23    and other non-exempt hourly employees[1] who were denied payment for all hours worked,

24    denied bona fide meal periods, and/or were subject to Swedish's policy and practice of

25    automatically deducting time from their recorded hours worked for meal periods at any time

26
27    _____

[1] While the precise job titles may differ, Plaintiff hereinafter uses the terms "nursing staff" or "patient care staff" interchangeably in referencing any of these similarly situated employees.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 1

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

beginning three years before the filing of this complaint until resolution of this action. Throughout the relevant time period, Plaintiff and similarly situated Collective and Class members have been denied proper payment for all hours worked, including overtime, and were denied meal and rest periods in compliance with Washington law. This case implicates Swedish's longstanding policy and practice of failing to properly compensate non-exempt employees for work performed during meal periods and for all overtime hours worked.

2.    An employer is not required to pay employees for meal periods if the employer can satisfy its burden of demonstrating the employee received a *bona fide* meal period which primarily benefits the employee. Defendants do not provide bona fide meal periods for its nursing staff who are responsible for patient care. Defendants require nursing staff to remain responsible for patient care throughout their shift, including during their meal and rest breaks. Instead of making nursing staff clock out for their meal periods then clock back in at the end of a meal period, Defendants assume nursing staff are able to find a 30-minute block of time to enjoy a bona fide meal period. In fact, this does not typically occur. Nonetheless, Defendants deduct 30 minutes from the shifts of all nursing staff for a meal period, when in fact nursing staff remain on duty and are continuously subject to interruption during that time. Defendants instituted policies and practices that result in nursing staff being responsible for patient care throughout their shift, even when they attempt to take a meal period.

3.    Defendants' policies and practices result in nursing staff being denied wages due under the Fair Labor Standards Act ("FLSA") and Washington law. Under these policies and practices, non-exempt nursing staff involved in direct patient care are not completely relieved of duties during meal periods and are denied pay for those on-duty meal periods. Defendants continue to require nursing staff responsible for direct patient care to remain on duty and subject to interruptions during meal breaks.

4.    Defendants, including all of the hospital facilities under Defendants' ownership, management and control, violate the FLSA and Washington law by knowingly and willfully permitting Plaintiff and Collective and Class members to perform work and/or remain on duty

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 2

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

during their meal breaks, subjecting them to interruptions during those times. Plaintiff and Collective and Class members also are denied rest breaks in violation of Washington law. Defendants had notice that Plaintiff and Collective and Class members expected to be paid for their work on an hourly basis. Defendants received the value of Plaintiff and Collective and Class members' work performed during their rest and meal periods without compensating them for their services. Defendants willfully, deliberately, and voluntarily failed to pay Plaintiff and Collective and Class members for all work performed.

5.    Defendants' conduct violated and continues to violate the FLSA because of the mandate that non-exempt employees, such as Plaintiff and the Collective members, be paid at one and one-half times their regular rate of pay for all hours worked in excess of forty within a single workweek. *See* 29 U.S.C. § 207(a).

6.    Defendants' conduct violated and continues to violate Washington state law because the Washington Minimum Wage Act (RCW 49.46) requires employers to pay hourly employees like Plaintiff and the Washington Class members no less than minimum wage for the first forty hours of work in a week and no less than one and one-half times the regular rate of pay, for any hours worked in excess of forty in a week. Defendants' conduct further violated and continues to violate Washington meal and rest period statutes, Washington's requirement that all wages be paid upon separation of employment, Washington's prohibition on unlawfully withholding wages, and Washington's recordkeeping requirements.

7.    In addition, upon information and belief, Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Collective and Class members perform this off-the-clock work, but failed to pay them at the applicable hourly and overtime rates for this work time. This practice likewise violated and continues to violate the FLSA and Washington state law.

8.    Defendants' conduct violated and continues to violate Washington's meal and rest period statutes, final pay statute, and unlawful deduction from wages statute. Because

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   Defendants' conduct violated and continues to violate Washington wage and hour laws,

2   Defendants are liable for the unpaid wages, exemplary wages as provided by Washington law,

3   attorneys' fees and costs, as well as pre- and post-judgment interest.

4     9. Therefore, Plaintiff files this action to recover on behalf of herself and Collective

5   and Class members, all unpaid wages, compensation, penalties, and other damages owed to

6   them under the FLSA and state law, individually, as a 29 U.S.C. § 216(b) collective action, and as

7   a class action under Federal Rule of Civil Procedure 23, in order to remedy the sweeping

8   practices which Defendants have integrated into their time tracking and payroll policies and

9   which have deprived Plaintiff and Collective and Class members of their lawfully-earned wages.

10      **II.**  **SUBJECT MATTER JURISDICTION AND VENUE**

11     10. This court has federal question jurisdiction over the subject matter of this action

12   pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States,

13   specifically the FLSA, 29 U.S.C. § 201, *et seq.* This Court has supplemental jurisdiction over

14   Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

15     11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. The events

16   giving rise to Plaintiff's claims occurred within this judicial district. Defendants reside in this

17   judicial district and are subject to personal jurisdiction here.

18      **III.**  **PARTIES**

19     12. Plaintiff Ismahan Adanis an individual residing in Federal Way, Washington. Ms.

20   Adan was employed as a medical assistant by Defendants at various clinics that are part of

21   Swedish Health Services.

22     13. The FLSA Collective members are people who are or who have been employed

23   by Defendants as medical assistants, nursing staff, nurse aides, nurse assistants, and other

24   similar hourly and non-exempt employees involved with patient care in the United States who

25   have been subject to an automatic time deduction by Defendants within the three years

26   preceding the filing of this Complaint.

27

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 4

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.     The Washington Class members are all people who are or who have been employed by Defendants as medical assistants, nursing staff, nurse aides, nurse assistants, and other similar hourly and non-exempt employees involved with patient care in the State of Washington who have been subject to an automatic time deduction, performed work while off-the-clock, and were subject to meal period and rest break violations by Defendants within the three years preceding the filing of this Complaint.

15.     Defendant Swedish Health Services ("Swedish"), doing business as Swedish Medical Center, is a non-profit corporation organized and existing under the laws of Washington with its headquarters at 747 Broadway, Seattle, Washington 98122. Defendant Swedish may be served with process by serving its registered agent, CT Corporation, at 711 Capitol Way South, Suite 204, Olympia, Washington 98501-1267.

16.     Defendant Providence Health & Services ("Providence"), is a non-profit corporation organized and existing under the laws of Washington. Providence's headquarters are located at 1801 Lind Avenue SW, Suite 9016, Renton, Washington 98057. Providence Health Services can be served with process by serving its registered agent, Business Filings Incorporated, at 711 Capitol Way South, Suite 204, Olympia, Washington 98501-1267.

17.     Defendant Providence St. Joseph Health ("St. Joseph") is a foreign non-profit corporation doing business in Washington, with its principal office located at 1717 South J Street, Tacoma, Washington 98045. Providence St. Joseph Health may be served with process by serving its registered agent, C T Corporation System, at 711 Capitol Way South, Suite 204, Olympia, Washington 98501-1267.

18.     Upon information and belief, Defendant Swedish Health Services d/b/a Swedish Medical Group owns, operates, manages, and/or controls the following medical campuses under the Swedish Medical Group name: First Hill, Cherry Hill, Ballard, Issaquah, Edmonds, and Mill Creek & Redmond.  Providence Health & Services operates as the parent organization of Swedish Health Services.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

19.      At all material times, Defendants have been employers within the meaning of the FLSA under 29 U.S.C. § 203(d).

20.      At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

21.      Plaintiff and Collective and Class members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

22.      At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23.      Defendants acted as joint employers of Plaintiff and Collective and Class members because all Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

24.      Here, Defendants have had, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

25.      In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are medical care staff engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since they order supplies across state lines, conduct business deals with merchants across state lines, and process patient credit cards with banks in other states.

26.      At all material times, Plaintiff and Collective and Class members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**IV.    FACTS**

27.    Defendant Swedish operates a network of hospitals and clinics that provide healthcare services throughout the greater Seattle, Washington area, including five hospital campuses and a network of more than 100 primary care and specialty clinics.

28.    Defendant Providence operates a network of 34 hospitals and 475 clinics that provide healthcare services across five states.

29.    Defendants employ thousands of hourly non-exempt workers similarly situated to Plaintiff across these hospital and clinical facilities.

30.    Defendants set the firing and hiring criteria at the hospitals, medical centers, and clinics under their control. Defendants advertise for open positions, including non-exempt hourly patient care workers, at these hospitals, medical centers, and clinics.

31.    Defendants have a payroll policy and practice of not compensating hourly-paid nursing and patient care staff for work performed during their meal periods. Defendants automatic time deduction policy assumes nursing staff are able to find a 30-minute block of time to enjoy a bona fide meal period. Purusant to this policy, Defendants automatically deduct 30 minutes from nursing staff shifts for a meal period. However, in practice, nursing staff remain on duty and are continuously subject to interruption during that time. This policy applies to all hourly-paid, non-exempt nursing staff who are responsible for patient care.

32.    Nursing staff involved in direct patient care are not permitted to take a 30-minute uninterrupted and bona fide meal period or rest breaks due to the demands of their jobs during the majority of their shifts. In the rare instances where they attempt a meal period or rest break, they remain on duty in that they are required to respond to calls from their patients, doctors, patients' families, other nursing staff and hospital staff, attend to the normal demands of the job, and otherwise respond to emergencies.

33.    Defendants encourage interruptions to nursing staff meal periods and rest breaks by requiring nursing staff to carry an electronic communication device with them at all times, so that they may receive calls/requests from their patients and hospital personnel.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Nursing staff are required to respond to these calls, even if they are taking a meal period or rest

2  break.

3      34.    Plaintiff was employed by Defendants as a medical assistant in Seattle,

4  Washington from approximately April 2021 to August 2021. Plaintiff has worked as a non-

5  exempt hourly worker and her beginning hourly rate of pay was $18.00 per hour. As a medical

6  assistant, Plaintiff's primary responsibilities included: providing patient care and monitoring,

7  interacting with other hospital employees and visitors, monitoring blood-work and patient test

8  results, setting up patients for minor procedures, disposing of medical waste, and documenting

9  procedures. Plaintiff was subjected to Defendants' time, pay, meal break, and overtime policies

10  and practices. Plaintiff routinely performed work during her entire shift, was subject to

11  interruptions during attempted meal and rest breaks, and in fact was interrupted or denied

12  meal and rest breaks on a regular basis. Even when non-exempt nursing staff note a missed or

13  interrupted meal period or rest break to their superiors, they are rarely if ever reimbursed for

14  the 30 minutes that are automatically deducted and are rarely compensated for the additional

15  10 minutes of work for each missed rest break.

16      35.    Collective and Class members were and are employed by Defendants and

17  perform work materially similar to Plaintiff.

18      36.    Plaintiff and Collective and Class members report to a hospital, clinic, or clinical

19  facility owned, operated, or managed by Defendants to perform their jobs.

20      37.    Plaintiff and Collective and Class members perform their jobs under Defendants'

21  supervision and using materials and technology approved and supplied by Defendants.

22      38.    Plaintiff and Collective and Class members are required to follow and abide by

23  common work, time, pay, meal and rest break, and overtime policies and procedures in the

24  performance of their jobs.

25      39.    At the end of each pay period, Plaintiff and Collective and Class members receive

26  wages from Defendants that are determined by common systems and methods that

27  Defendants selected and controlled.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 8

40. Upon information and belief, Plaintiff is aware that Collective and Class members were and are required to work additional time outside of their scheduled shifts to keep up with the demands of the job. Defendants were and are aware that Collective and Class members performed this off-the-clock work, but do not pay them at the applicable hourly and overtime rates for this additional work time. Such off-the-clock work included restocking supplies, preparing and organizing equipment, monitoring patients, assisting other hospital staff, charting, sanitizing equipment, and performing other various tasks performed clocking in and after clocking out for the day. Upon information and belief, Collective and Class members were not compensated for this work performed outside of their recorded hours.

41. Defendants pay Plaintiff and Collective and Class members on an hourly rate basis.

42. Plaintiff worked more than forty hours in at least one workweek during the three years before this Complaint was filed. On average, Plaintiff worked 9-10 hours each shift and between four-to-five shifts per week. Thus, on average, Plaintiff worked approximately 42-45 hours per week

43. Each Collective member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

44. Each Class member worked more than forty hours in at least one workweek during the three years before this Complaint was filed.

45. When Plaintiff and Collective and Class members worked more than forty hours in a workweek, Defendants did not pay them one and one-half times their regular hourly rate for all overtime hours worked due to Defendants' failure to include time worked during meal and rest periods in the total hours worked in a given workweek through Defendants' automatic time deduction policy, as well as Defendants' failure to pay for 10 additional minutes of work time for each missed rest break. This unpaid time is compensable at an overtime rate under the FLSA and Washington law because (1) Plaintiff and Collective and Class members were not completely relieved of their duties during their meal periods and rest breaks, (2) the meal

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  periods and rest breaks were interrupted or subject to interruptions with work duties during

2  any attempted meal period, or (3) they entirely skipped the meal periods and rest breaks due to

3  work demands.

4      46.    When Plaintiff and Collective and Class members performed work, Defendants

5  failed to pay them minimum and overtime wages due to Defendants' failure to include time

6  worked during meal periods and rest periods. This unpaid time is compensable under the FLSA

7  and Washington law because (1) Plaintiff and Collective and Class members were not

8  completely relieved of their duties, (2) they were interrupted or subject to interruptions with

9  work duties during any attempted meal or rest period, or (3) they entirely skipped meal and

10  rest periods due to work demands.

11     47.    Throughout the relevant time period, Defendants expected and required Plaintiff

12  and Collective and Class members to be available to work during their entire shifts, even during

13  any attempted meal breaks. These 30-minute intervals of deducted time constitute

14  compensable time under the FLSA which requires that employers compensate employees for all

15  time worked. They also constitute compensable time under state law because WAC 296-126-

16  092 requires that employees shall be allowed a meal period of at least 30 minutes which

17  commences no less than two hours nor more than five hours from the beginning of the shift.

18  *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is

19  required by the employer to remain on duty on the premises or at a prescribed work site in the

20  interest of the employer. *Id.* No employee shall be required to work more than five consecutive

21  hours without a meal period. *See* WAC 296-126-092(2).

22     48.    Throughout the relevant time period, Defendants expected and required Plaintiff

23  and Collective and Class members to be available to work during their entire shifts, even during

24  attempted rest breaks. Missed rest break time is compensable under Washington law because

25  WAC 296-126-092 requires that employees shall be allowed a rest period of at least 10 minutes

26  on the employer's time for every four hours of work. *See* WAC 296-126-092(4). Rest periods

27  shall be scheduled as near as possible to the midpoint of the work period. *Id.* No employee shall

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 10

1    be required to work more than three hours without a rest period. *Id.* Under Washington law,

2    rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688,

3    267 P.3d 383 (2011) (stating that "employers have a duty to provide meal periods and rest

4    breaks and to ensure the breaks comply with the requirements of WAC 296-126-092.").

5    49.    Employers have a "mandatory obligation" to "provide" meal periods and rest

6    breaks and "ensure" the meal and rest periods comply with the law. *Chavez v. Our Lady of*

7    *Lourdes Hosp. at Pasco*, 190 Wn. 2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores,*

8    *Inc.*, 188 Wn. 2d 576, 397 P.3d 120 (2017).

9    50.    Defendants have employed thousands of people similarly situated to Plaintiff

10   during the three-year period prior to the filing of this Complaint.

11   51.    Defendants' method of paying Plaintiff and Collective and Class members was

12   willful, and they cannot demonstrate a good faith basis as to the belief that their conduct of

13   underpaying wages complied with either the FLSA or Washington law.

14   52.    Defendants' common course of wage-and-hour abuse includes routinely failing

15   to maintain true and accurate records of the hours worked by Plaintiff and the Collective and

16   Class members. In particular, Defendants have failed to record hours that Plaintiff and

17   Collective and Class members worked during missed meal and rest breaks.

18                    **V.    FLSA COLLECTIVE ACTION ALLEGATIONS**

19   53.    Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §

20   216(b) on behalf of the following class of individuals:

21                **All current and former hourly, non-exempt employees, including
                  but not limited to medical assistants, nursing staff, nursing aides,**
22                **nursing assistants or other employees with similar job duties**
                  **employed by Defendants nationwide and subjected to**
23                **Defendants' time deduction policy and practice any time during**
                  **the time period three years prior to the filing of the original**
24                **Complaint until resolution of this action (the "Collective").**
25

26   54.    Defendants have not compensated these employees for the unpaid meal periods

27   and "off-the-clock" work as described above.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

55.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because her claims are similar to the claims possessed by the Collective members.

56.     Plaintiff has actual knowledge that Collective members have been denied compensation for time worked, including meal periods worked or interrupted and "off-the-clock" work. In addition, Plaintiff has actual knowledge that Collective members have also been denied overtime pay for this work and would therefore likely join this collective action if provided a notice of their rights to do so, together with a clear statement that opting to join such an action would not result in termination or other forms of retaliation.

57.     Plaintiff is similarly situated to Collective members. Like Plaintiff, Defendants subjected Collective members to its common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

58.     Other nursing staff similarly situated to Plaintiff work, or have worked, for Defendants but were not paid overtime at the rate of one and one-half times their regular hourly rate when those hours exceeded forty per workweek for meal breaks during which they were not completely relieved of their duties that were interrupted, interruptible, or entirely missed due to work demands. Other nursing staff similarly situated to Plaintiff also performed compensable overtime work that was not compensated at the applicable overtime rate of one-and-one-half times their regular hourly rate of pay.

59.     Although Defendants permitted and/or required Collective members to work in excess of forty hours per workweek, Defendants have denied them full compensation for all hours worked over forty for meal periods that were subject to interruption due to work demands.

60.     Collective members perform or have performed the same or similar work as Plaintiff involving patient care.

61.     Collective members regularly work or have worked in excess of forty hours during a workweek.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

62.     Collective members are not exempt from receiving overtime compensation under the FLSA.

63.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices, and did not depend on the personal circumstances of FLSA Collective members.

64.     Although Plaintiff and Collective members may have different job titles and/or work in different hospital facilities, this action may be properly maintained as a collective action on behalf of the defined class because, throughout the relevant time period:

65.     Defendants maintained common scheduling systems and policies with respect to Plaintiff and Collective members, controlled the scheduling systems and policies implemented throughout their facilities and retained authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

66.     Defendants maintained common timekeeping systems and policies with respect to Plaintiff and Collective members;

67.     Defendants maintained common payroll systems and policies with respect to Plaintiff and Collective members, controlled the payroll systems and policies applied to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and Collective members; and

68.     Defendants controlled the meal period and rest break work policies and practices at issue in this litigation and had the ability to deprive Plaintiff and Collective members of wages owed for meal break and rest break work they performed.

69.     The specific job titles or precise job responsibilities of each Collective member does not prevent collective treatment.

70.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for interrupted, on-duty, or missed meal periods.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 13

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

71.     Collective members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek, including for interrupted, on-duty, or missed rest periods.

72.     Although the exact amount of damages may vary among Collective members, the damages for Collective members can be easily calculated, summed, and allocated based on a simple formula.

73.     Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendants to comply with their obligation to legally compensate their employees. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not paying Plaintiff and Collective members for interrupted, interruptible, or missed meal and rest breaks, as well as overtime work performed that was compensated on a straight time basis.

74.     As such, the collective of similarly situated Plaintiffs is properly defined as stated above. Plaintiff estimates the Collective, including both current and former employees over the relevant time period, will include upwards of 10,000 people or more. The precise number of Collective members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from Defendants' records. Given the composition and size of the Collective, notice may be provided via First Class Mail, e-mail, text message, and other modes of notice similar to those customarily used in representative actions.

## VI.     RULE 23 CLASS ACTION ALLEGATIONS

75.     Plaintiff brings causes of action as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The Washington Class that Plaintiff seeks to represent is defined as follows:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**All current and former hourly, non-exempt employees, including but not limited to medical assistants, nursing staff, nursing aides, nursing assistants, or other employees with similar job duties employed by Defendants in Washington and subjected to Defendants' time deduction policy and practice any time starting three years prior to the filing of this Complaint until resolution of this action.**

76.     This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation.

77.     <u>Numerosity</u>:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of Washington Class members exceeds 8,000. This volume makes bringing the claims of each individual member of the Class before this Court impracticable. Likewise, joining each individual member of the Washington Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Washington Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Washington Class and Defendants.

78.     <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and the Washington Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

a.      Whether Defendants failed to pay Plaintiff and Washington Class members for all hours worked;

b.      Whether Defendants paid Plaintiff and Washington Class members on an hourly basis;

c.      Whether Defendants failed to keep true and accurate records of employees' hours of work and wages;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

d.    Whether Defendants failed to pay Plaintiff and Washington Class members at an overtime rate for all hours worked in excess of forty in a workweek;

e.    Whether Defendants failed provide Plaintiff and Washington Class members with the bona fide and uninterrupted meal breaks to which they were entitled under Washington law;

f.    Whether Defendants' policy and practice of making time deductions for meal periods that were not bona fide, continuous, and uninterrupted meal periods violated Washington law;

g.    Whether the natue of the duties of Plaintiff and Washington Class members did not allow them to take intermittent rest periods equivalent to ten minutes for each four hours worked;

h.    Whether Defendants failed to provide Plaintiff and Washington Class members with the bona fide and uninterrupted rest breaks to which they were entitled under Washington law;

i.    Whether Defendants failed to put a system in place that would allow Plaintiff and Washington Class members to record missed meal and rest breaks;

j.    Whether Defendants failed to compensate Plaintiff and Washington Class members for missed meal and rest breaks;

k.    Whether Defendants failed to pay Plaintiff and Washington Class members at no less than the minimum wage for all hours worked, including hours worked during missed meal and rest breaks;

l.    Whether Defendants failed to pay Plaintiff and Washington Class members at an overtime rate for all hours worked in excess of forty in a workweek, including hours worked during missed meal and rest breaks;

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1        m.     Whether Defendants failed to provide Plaintiff and Washington Class

2              members with timely, accurate itemized wage statements in violation of

3              Washington law;

4        n.     Whether Defendants' policy and practice of failing to pay Plaintiff and

5              Washington Class members all wages due upon the end of their

6              employment violated Washington law;

7        o.     Whether Defendants' actions were "willful" as that term is understood in

8              Washington wage and hour law;

9        p.     Whether Defendants' common course of conduct violated RCW

10           49.12.020;

11       q.     Whether Defendants' common course of conduct violated WAC 296-126-

12           092;

13       r.     Whether Defendants' common course of conduct violated RCW

14           49.46.020;

15       s.     Whether Defendants' common course of conduct violated RCW

16           49.46.090;

17       t.     Whether Defendants' common course of conduct violated RCW

18           49.46.130;

19       u.     Whether Defendants' common course of conduct violated RCW

20           49.52.050;

21       v.     Whether Defendants' common course of conduct violated RCW 296-128-

22           010;

23       w.    Whether Defendants' common course of conduct violated RCW 296-126-

24           040; and

25       x.     The proper formula for calculating actual and exemplary damages owed

26           to Plaintiff and the Washington Class as alleged herein.

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

79. <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Washington Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and Washington Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Washington Class.

80. <u>Adequacy of Representation</u>:  Plaintiff seeks relief for the past and on-going state law violations that were perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Washington Class members and will prosecute the case vigorously on behalf of the Washington Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Washington Class members.

81. <u>Superiority of Class Action</u>:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Washington Class members is not practicable, and questions of law and fact common to the Washington Class predominate over any questions affecting only individual members of the Washington Class. Each proposed Washington Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

82. In the alternative, the Washington Class may be certified because the prosecution of separate actions by the individual members of the Washington Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Washington Class which would establish incompatible standards of conduct for Defendants.

83. If each individual Washington Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Washington Class with Defendants' vastly superior financial legal resources.

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 18

84.     Requiring each individual Washington Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Washington Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CLAIM FOR RELIEF**
**VIOLATIONS OF 29 U.S.C. § 207 FAILURE TO PAY OVERTIME COMPENSATION FOR IMPROPER TIME DEDUCTIONS**
**(FLSA COLLECTIVE ACTION)**

85.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

86.     Plaintiff and Collective members, Defendants' employees, are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

87.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times their regular hourly rate for all hours worked in excess of forty hours per week.

88.     Throughout the relevant time period, Defendants expected and required Plaintiff and Collective members to be available to work and/or to be on duty during their promised meal periods and rest breaks. Plaintiff and Collective members also performed work off-the-clock for which they were not compensated.

89.     Plaintiff and Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct because they have been deprived of wages owed for work they performed and from which Defendants derived a direct and substantial benefit.

90.     Defendants cannot satisfy their burden of proof to demonstrate Plaintiff and Collective members received a bona fide meal period for every 30 minutes deducted from their wages automatically.

91.     Defendants violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for all hours worked under 29 U.S.C. § 207 as non-exempt employees. Because of these violations, Plaintiff and Collective members have suffered a loss of wages.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

92.     Defendants' failure to pay overtime to Plaintiff and Collective members, in violation of the FLSA, was willful and not based on a good faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

93.     Because of Defendants' willful violations, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

94.     Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

**SECOND CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.46.130**
**FAILURE TO PAY OVERTIME**
**(WASHINGTON CLASS ACTION)**

95.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

96.     Pursuant to RCW 49.46.130(1), Defendants were required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours worked in excess of forty in a given workweek, when those wages were due, but willfully failed to do so.

97.     RCW 49.46.090(1) states that:

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

98.     Plaintiff and Washington Class members are entitled to recover unpaid overtime under Washington law, and they are also entitled to declaratory relief stating Defendants

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  violated the statute, and continue to violate the statute, by incorporating and continuing to

2  utilize the automatic time deduction policy as described above.

3        99.    Plaintiff further seeks declaratory relief stating Defendants are in violation of

4  RCW 49.46.130 for failing to compensate Class members for "off-the-clock" work performed for

5  the benefit of Defendants.

6        100.    Plaintiff and Washington Class members who are within the applicable three-

7  year statute of limitations are entitled to collect the difference between the wages received

8  when due and the unpaid overtime wages due in an amount to be proven at trial, attorney fees,

9  costs and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment

10  interest at the rate of 12% per annum (RCW 19.52.020).

11                          **THIRD CLAIM FOR RELIEF**
                  **VIOLATIONS OF RCW 49.120.020 AND WAC 296-126-092**
12                **FAILURE TO PROVIDE MEAL AND REST BREAKS AND ENSURE**
                  **THOSE BREAKS ARE TAKEN (WASHINGTON CLASS ACTION)**
13

14        101.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

15        102.    RCW 49.120.010 provides:

16              The welfare of the state of Washington demands that all
              employees be protected from conditions of labor which have a
17              pernicious effect on their health. The state of Washington,
              therefore, exercising herein its police and sovereign power
18              declares that inadequate wages and unsanitary conditions of labor
              exert such pernicious effect.
19

20        103.    RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any

21  industry or occupation within the state of Washington under conditions of labor detrimental to

22  their health."

23        104.    Pursuant to RCW 49.12.005(5) and WAC 296-126-002(9), conditions of labor

24  "means and includes the conditions of rest and meal periods" for employees.

25        105.    WAC 296-126-092 provides:

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(1)     Employees shall be allowed a meal period of at least thirty minutes which commences no less than two hours nor more than five hours from the beginning of the shift. Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

(2)     No employee shall be required to work more than five consecutive hours without a meal period.

(3)     Employees working three or more hours longer than a normal work day shall be allowed at least one thirty-minute meal period prior to or during the overtime period.

(4)     Employees shall be allowed a rest period of not less than ten minutes, on the employer's time, for each four hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period.

(5)     Where the nature of the work allows employees to take intermittent rest periods equivalent to ten minutes for each four hours worked, scheduled rest periods are not required.

106.    Defendants implemented a policy and practice that automatically deducted 30-minutes from Plaintiff and Washington Class members' time for each shift worked, even though Plaintiff and Washington Class members were still on-duty, subject to interruption, and often were interrupted during their meal breaks.

107.    Because Plaintiff and Washington Class members were not relieved of all duties during their meal breaks, but rather such meal breaks were subject to interruption and not continuous, Defendants' automatic time deduction for meal periods was and is in violation of WAC 296-126-092.

108.    Because Plaintiff and Washington Class members have failed to receive the rest breaks to which they were entitled, Defendants have violated WAC 296-126-092.

109.    Because Plaintiff and Washington Class members were constantly engaged in work activities during their paid rest breaks in violation of WAC 296-126-092, Plaintiff and

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Washington Class members should be additionally compensated for two (2) rest breaks of ten

2    (10) minutes each for each shift worked. *See Washington State Nurses Ass'n v. Sacred Heart*

3    *Med. Ctr.*, 175 Wn.2d 822, 287 P.3d 516 (2012).

4        110.    Plaintiff and Washington Class members are entitled to recover unpaid wages at

5    their regular houly rate for all time owed by Defendants for missed rest and meal breaks, and at

6    one and one-half times their regular hourly rate for that time when the additional time worked

7    results in hours in excess of forty in a workweek.

8        111.    As a result of these unlawful acts, Plaintiff and the Washington Class members

9    have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the

10    Washington Class members are entitled to the recovery of such damages, attorney fees, costs

11    and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment

12    interest at the rate of 12% per annum (RCW 19.52.020).

13
14
15    **FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.46.090**
**FAILURE TO PAY MINIMUM WAGES FOR**
**ALL HOURS WORKED**
**(WASHINGTON CLASS ACTION)**

16        112.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

17        113.    Under RCW 49.46.090, employers must pay employees all wages to which they

18    are entitled under the Washington Minimum Wage Act. If the employer fails to do so, RCW

19    49.46.090 requires that the employer pay the employees the full amount due to such

20    employee, less any amount actually paid to the employee, and for costs and such reasonable

21    attorney's fees as may be allowed by the court.

22        114.    As described above, Defendants enacted a policy and practice that deprived

23    Plaintiff and Washington Class members of compensation for all hours worked, including

24    automatic time deductions for meal breaks not taken, missed rest breaks, and work duties

25    performed "off-the-clock." As a result, Defendants failed to pay Plaintiff and Washington Class

26    members all wages due in violation of RCW 49.46.090.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

115.    As a result of the unlawful acts by Defendants, Plaintiff and the Washington Class members have been deprived of regular and overtime compensation in an amount to be determined at trial, attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**FIFTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.48.010**
**FAILURE TO PAY WAGES OWED AT TERMINATION**

116.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

117.    RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

118.    By the actions alleged above, Defendants have violated and continue to violate the provisions of RCW 49.48.010.

119.    As a result of the unlawful acts of Defendants, Plaintiff and Washington Class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and the Washington Class members are entitled to such damages, attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), as well as pre- and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF RCW 49.52.050**
**WILLFUL REFUSAL TO PAY WAGES**
**(WASHINGTON CLASS ACTION)**

120.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

121.    RCW 49.52.050(2) provides that any employer or agent of any employer who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

122.    RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

123.    An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wash. 2d 841, 849 (2002) (quoting *Chelan Cnty. Deputy Sheriffs' Ass'n v. Chelan County*, 109 Wash. 2d 282, 300 (1987)).

124.    Defendants intentionally failed to pay all wages owed to Plaintiff and the Washington Class, including overtime wages and regular hourly rate wages, by allowing Plaintiff and the Washington Class to work for Defendants' benefit while "off-the-clock," by implementing an automatic time deduction policy for meal periods that were subject to interruption, were not continuous, during which nursing staff were on duty, and during which nursing staff were not relieved of all duties, and by requiring Plaintiff and Washington Class members to work through or be subject to interruption during their rest periods. Defendants knew or should have known that their employment policies violated Washington law, and their failure to pay wages owed to Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

125.    Because Defendants' failure to pay wages owed was "willful," Plaintiff and the Washington Class members are entitled to double recovery pursuant to RCW 49.52.070.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF RCW 19.86**
**WASHINGTON CONSUMER PROTECTION ACT**
**(WASHINGTON CLASS ACTION)**

126.    Plaintiff incorporates all allegations contained in the foregoing paragraphs.

127.    Defendants engaged in unfair or deceptive acts or practices when they: (1) failed to pay Plaintiff and the Washington Class members wages for off-the-clock work; (ii) prevented Plaintiff and the Washington Class from taking rest and meal breaks; (iii) failed to pay Plaintiff and the Washington Class for the periods during which their breaks were interrupted; (iv) failed

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 25

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    to pay Plaintiff and the Washington Class for overtime worked; (v) violated RCW 49.46.030; (vi)

2    violated WAC 296-126-023; and (vii) violated WAC 296-126-092.

3        128.    Defendants' unfair or deceptive acts or practices repeatedly occurred in

4    Defendants' business, injured Plaintiff and the Washington Class, and impacted the public

5    interest because they injured other persons and had and have the capacity to injure other

6    persons.

7        129.    As a result of Defendants' unfair and deceptive practices, Plaintiff and the

8    Washington Class members are entitled, pursuant to RCW 19.86.090, to recover treble

9    damages, reasonable attorneys' fees, and costs.

10                        **VII.    PRAYER FOR RELIEF**

11        For these reasons, Plaintiff and Class members respectfully request that judgment be

12    entered in their favor awarding the following relief:

13        A.    An order preventing Defendants from retaliating in any way against Plaintiff and

14    any Class member who joins or elects not to opt-out of the present suit based on their pursuit of

15    these claims alleged herein;

16        B.    An order designating this action as a collective action on behalf of the Collective

17    and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

18        C.    An order finding that Defendants violated the FLSA;

19        D.    An order finding Defendants violated the FLSA willfully;

20        E.    All unpaid wages due under the FLSA;

21        F.    An equal amount as liquidated damages as allowed under the FLSA;

22        G.    Reasonable attorneys' fees, costs, interest, and expenses of this action as provided

23    by the FLSA;

24        H.    An order certifying this case as a Class Action under Rule 23 of the Federal Rules

25    of Civil Procedure;

26        I.    An order finding that Defendants violated Washington law;

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    J.    All unpaid regular wages due under Washington law to the extent same does not
2  duplicate regular wages due under the FLSA;

3    K.    All unpaid overtime wages due under Washington law to the extent same does
4  not duplicate overtime wages due under the FLSA;

5    L.    An award of double damages as provided by Washington law, to the extent same
6  does not duplicate liquidated damages due under the FLSA;

7    M.    An award of treble damages as provided by Washington law, to the extent same
8  does not unduly overlap with other amounts due;

9    N.    All compensatory damages due under Washington law, including lost wages,
10  earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff
11  and Washington Class and Collective members, together with interest on these amounts,
12  according to proof;

13    O.    All attorneys' fees, costs and disbursements as provided by Washington law;

14    P.    Pre- and post-judgment interest in the amount of 12% per annum as provided by
15  Washington law; and

16    Q.    Such other and further relief as this Court deems just and proper.

17                              **VIII.    JURY DEMAND**

18    Plaintiff hereby demands a trial by jury.

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27

COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF - 27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 26th day of January, 2022.

2                                       TERRELL MARSHALL LAW GROUP PLLC

3
                                        By: /s/ Beth E. Terrell, WSBA #26759
4                                          Beth E. Terrell, WSBA #26759
                                           bterrell@terrellmarshall.com
5
                                        By: /s/ Jennifer Rust Murray, WSBA #36983
6                                          Jennifer Rust Murray, WSBA #36983
                                           jmurray@terrellmarshall.com
7

8                                       By: /s/ Erika L. Nusser, WSBA #40854
9                                          Erika L. Nusser, WSBA #40854
                                           enusser@terrellmarshall.com
10                                         936 North 34th Street, Suite 300
                                           Seattle, Washington 98103-8869
11                                         Tel: (206) 816-6603
                                           Fax: (206) 319-5450
12

13                                         Carolyn H. Cottrell, *Pro Hac Vice Forthcoming*
14                                         Email: ccottrell@schneiderwallace.com
                                           SCHNEIDER WALLACE COTTRELL KONECKY LLP
15                                         2000 Powell Street, Suite 1400
                                           Emeryville, California 94608
16                                         Telephone: (415) 421-7100
                                           Facsimile: (415) 421-7105
17

18                                         Michael K. Burke, *Pro Hac Vice Forthcoming*
19                                         Email: mburke@schneiderwallace.com
                                           Jordyn D. Rystrom Emmert,
20                                         *Pro Hac Vice Forthcoming*
                                           Email: jemmert@schneiderwallace.com
21                                         SCHNEIDER WALLACE COTTRELL KONECKY LLP
22                                         3700 Buffalo Speedway, Suite 300
                                           Houston, Texas 77098
23                                         Telephone: (713) 338-2560
                                           Facsimile: (415) 421-7105
24

25                                         *Attorneys for Plaintiff*

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com